Receipt number AUSFCC-5637341

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**JKB SOLUTIONS AND SERVICES, LLC**

**Plaintiff,**

**v.**

**THE UNITED STATES**

**and**

**U.S. ARMY CONTRACTING COMMAND – NJ.**

**Defendants**

**Case No.** 19-1390 C

**Judge** ______

## COMPLAINT

JKB Solutions and Services, LLC (Plaintiff), by Counsel, for its Complaint against the United States of America acting through the United States Army Contracting Command – New Jersey, alleges as follows:

1. Jurisdiction and Venue for this action are proper as per 28 U.S.C. §1491(a)(1); and under 41 U.S.C. § 7104(b)(1), commonly known as the "Contract Disputes Act of 1978."

2. Appellant, JKB Solutions and Services, LLC ("JKB"), is a Virginia limited liability company with its principal place of business in Norfolk, Virginia. At all times relevant to this action, JKB was engaged in the business of acting as a contractor with the United States Department of Defense (DOD), providing professional and training services to the United States military.

3. Appellee, United States Army Contracting Command-New Jersey, ("Army Contracting Command") is an entity of the U.S. Department of the Army.

4. On or about May 29, 2015, the United States Government, acting by and through the Army Contracting Command, issued Request for Proposal (RFP) Solicitation W15QKN-15-R-0048, and subsequently issued six amendments to the same. (*See* Exh. A, Amended Solicitation)

5. The RFP Solicitation invited DOD contractors such as JKB to submit proposals to provide training instructor services to augment the College of Professional Continuing Education (CPCE), Army Logistics University (ALU), faculty by teaching classes in support of the ALU training mission. (*See* Exh. A)

6. Section L, Paragraph 5 of the RFP Solicitation stated, "The Government contemplates award of a firm fixed price/cost reimbursement (no fee) contract resulting from this solicitation." (*See* Exh. A, Amended Solicitation, page 63 of 70).

7. Section M, Paragraph A.1 of the RFP Solicitation stated, "The Government intends to award a single Firm Fixed price (FFP) contract with cost reimbursement (no fee) line item(s) for Travel utilizing lowest price technically acceptable (LPTA) best value source selection procedures for Operational Contract Support Training Instructor Services." (*See* Exh. A, Solicitation, page 68 of 70).

8. On the RFP Solicitation, under Type of Contract, the Contracting Officer selected "Firm Fixed Price." (*See* Exh. A, Solicitation, page 2 of 70).

9. As per FAR Subpart 16-202-1, a firm fixed-price contract is one which "provides for a price that is not subject to any adjustment on the basis of the contractor's cost experience in performing the contract. This contract type places upon the contractor maximum risk and full

responsibility for all costs and resulting profit or loss. It provides maximum incentive for the contractor to control costs and perform effectively and imposes a minimum administrative burden upon the contracting parties."

10. As per FAR Subpart 16.202-2, a firm fixed-price contract is suitable for acquiring services when the Contracting Officer can establish fair and reasonable prices at the outset, such as when there is adequate price competition.

11. Based on the RFP Solicitation described above, JKB submitted a proposal seeking to be awarded the contract. JKB's proposed contract amount was based on Army Contracting Command's representations in the RFP Solicitation that the contract was a firm fixed-price type of contract.

12. Army Contracting Command accepted JKB's proposal, and on or about September 9, 2015, JKB entered into Contract W15QKN-15-D-0100 ("the contract") with the United States Government, acting by and through the Army Contracting Command. (*See* Exh. B, Contract).

13. The contract encompassed a total period of three years, separated into three separate Ordering Periods. (*See* Exh. B, page 2 of 33)

14. Under the terms of the contract, the maximum number of classes which the Army Contracting Command could require JKB to perform in any Ordering Period was fourteen (14). An order of fourteen classes in a particular Ordering Period would constitute one full Lot (LO). (*See* Exh. B. para C-1.4, page 10 of 33)

15. Ordering Period One began on September 9, 2015 and ended on September 8, 2016.

16. Ordering Period Two began on September 9, 2016 and ended on September 8, 2017.

17. Ordering Period Three began on September 9, 2017 and ended on September 8, 2018.

18. The contract awarded was an Indefinite Delivery / Indefinite Quantity (IDIQ) agreement. (*See* Exh. B, page 2 of 33).

19. As per FAR 16.501-1 and Clause 47 of the contract, the Army Contracting Command was required to issue Task Orders indicating the firm quantity of services ordered for each of the three Ordering Periods, and the firm fixed price for each. (*See* Exh. B, Clause 47, page 31 of 33).

20. Each Task Order contained several Contract Line Item Numbers (CLINs) which set forth the specific type and quantity of services ordered in that Task Order. (*See* Exh. C, Task Order 0001; Exh. D, Task Order 0002; and Exh. E, Task Order 0003).

21. Each Task Order explicitly stated the type of contract as "Firm Fixed Price" and set forth the specific dollar amount funded for each CLIN. (*See* Exhs. C-E).

22. Each Task Order and associated CLIN explicitly ordered one full Lot (LO), or fourteen classes. (*See* Exhs. C-E)

23. JKB had based its proposed contract amount on an expectation that it would be provided fourteen classes per Ordering Period in order to make the agreement profitable, and it entered into the contract with the same expectation.

24. As per FAR Subpart 16.202-2, by accepting JKB's proposal and entering into the contract with JKB, Army Contracting Command agreed that JKB's proposed firm fixed-price amount was fair and reasonable.

**COUNT 1– BREACH OF TASK ORDER 0001**

25. The allegations of paragraphs 1 through 24 of this Complaint are repeated and incorporated herein by reference.

26. Army Contracting Command issued Task Order 0001 for the First Ordering Period simultaneously with the awarded contract. (*See* Exh. C)

27. Task Order 0001 obligated a total amount of $356,102.00 to JKB, of which $297,360 was obligated for Training Instructor Services under Contract Line Item Number (CLIN) 1001. (*See* Exh. C)

28. CLIN 1001 ordered a quantity of one (1) Lot of Training Instructor Services to provide fourteen classes. (*See* Exh. C)

29. CLIN 1001 states that the price per class is $21,240.00. (*See* Exh. C)

30. At a price per class of $21,240.00, a total of fourteen classes equates to a firm fixed price of $297,360.00 for the First Ordering Period.

31. CLIN 1001 states that the amount funded in this CLIN is $297,360.00, and that the "unfunded amount" is zero. (*See* Exh. C)

32. Upon being awarded the contract and receiving Task Order 0001 containing CLIN 1001, acting in good faith and reasonably relying on the explicit order of fourteen classes, JKB stood ready, willing, and able to fulfill its obligations to provide the Army Contracting Command with a full Lot of classes.

33. Despite ordering a full Lot of fourteen classes at an obligated amount of $297,360.00, the Army Contracting Command only allowed JKB to provide nine (9) classes during the First Ordering Period, and only paid JKB $191,160.00.

34. The Army Contracting Command underpaid JKB by $106,200 in the First Ordering Period. This amount represents five classes which the Army Contracting Command ordered from JKB under CLIN 1001 but which JKB was not allowed, and prevented by the Army Contracting Command, to provide.

35. On April 3, 2018, JKB wrote the Army Contracting Command a letter explaining, et al., that the Contract required the Army Contracting Command to provide JKB with fourteen classes per Ordering Period at a firm fixed-price. (*See* Exh. F, 4-3-18 Letter)

36. Two months later, on June 11, 2018 (nearly three years after awarding contract W15QKN-15-D-0100 to JKB and simultaneously issuing Task Order 0001 containing CLIN 1001), the Army Contracting Command unilaterally issued "Modification 02" to Task Order 0001. (*See* Exh. G, Mod 02)With Modification 02, the Army Contracting Command sought to close out Task Order 0001 and de-obligate itself for payment for the five classes which it did not allow JKB to provide in Ordering Period One. (*See* Exh. G) On June 25, 2018, JKB wrote a letter to Alicia Toth, the Contracting Officer representing Army Contracting Command. In this letter JKB informed the Contracting Officer that JKB was not in agreement with Modification 02, and submitted an invoice in the amount of $106,200 for Ordering Period One, for the remaining firm fixed-price balance representing the value of the five ordered but unpaid classes. (*See* Exh. H, 6-25-18 Letter)

36. The Army Contracting Command failed to pay JKB the invoiced amount of $106,200 for Ordering Period One.

37. On September 28, 2018, JKB sent the Contracting Officer a Claim letter including $106,200 for Ordering Period One and requesting a Contracting Officer's Final Decision (COFD). (*See* Exh. I, First request for COFD)

38. On November 2, 2018, the Contracting Officer requested substantiating documentation showing the costs that JKB had incurred. (*See* Exh. J, 11-2-18 Letter)

39. In response, on November 6, 2018, JKB provided a chart listing the firm fixed-price balance by Task Order and CLIN. (*See* Exh. K, 11-6-18 Letter)

40. Despite the fact that JKB had already identified the remaining firm fixed-price balance due by Task Order and CLIN, on November 20, 2018 the Contracting Officer sent JKB a letter denying its claim. In that letter, the Contracting Officer asserted that in its Claim and request for COFD, JKB had erroneously referred to the "base IDIQ contract" rather than the individual Task Orders to which obligations were committed. (*See* Exh. L, 11-20-18 Letter)

41. On January 6, 2019, JKB sent the Contracting Officer a second claim and request for COFD, once again listing the remaining firm-fixed-price balance due by Task Order and CLIN. (*See* Exh. M, Second Request for COFD)

42. As per FAR 33.211(c)(2), the Contracting Officer is required to issue a final decision within sixty (60) days of receiving a claim and request for COFD.

43. The Army Contracting Command has failed to issue a final decision as requested in JKB's January 6, 2019 claim and request for COFD.

44. In accordance with the Contract Dispute Act of 1978, because the Contracting Officer has not timely responded within a reasonable time to this relatively simple and straightforward claim, JKB deems the January 6, 2019 claim denied.

45. In accordance with 28 U.S.C. §1491(a)(1), JKB now respectfully appeals the Army Contracting Command Contracting Officer's denial of its September 28, 2018 and January 6, 2019 claims to this Honorable Court.

**WHEREFORE**, appellant JKB Solutions and Services, LLC, prays that this Court grant its appeal under Count I of the Complaint against the United States, acting through Army Contracting Command – New Jersey, and award JKB the amount of $106,200, plus interest, in expectation damages which will put JKB in the same position as it would have been if Army Contracting Command had not breached the contract; reasonable attorneys' fees; the costs of this suit; and such other and further legal or equitable relief as this honorable Court deems just and proper.

**COUNT II– BREACH OF TASK ORDER 0002**

46. The allegations of paragraphs 1 through 48 of this Complaint are repeated and incorporated herein by reference.

47. On or about September 9, 2016, the Army Contracting Command issued the Task Order for the Second Ordering Period. This was designated Task Order 0002. (*See* Exh. D)

48. Task Order 0002 obligated a total amount of $389,505.00 to JKB, of which $303,968.00 was obligated for Training Instructor Services under Contract Line Item Number (CLIN) 2001. (*See* Exh. D)

49. CLIN 2001 ordered a quantity of one (1) Lot of Training Instructor Services to provide fourteen classes. (*See* Exh. D)

50. CLIN 2001 states that the price per class is $21,712.00. (*See* Exh. D)

51. At a price per class of $21,712.00, a total of fourteen classes equates to a firm fixed price of $303,968.00 for the Second Ordering Period.

52. CLIN 2001 states that the amount funded in this CLIN is $303,968.00, and that the "unfunded amount" is zero. (*See* Exh. D)

53. Upon receiving CLIN 2001, acting in good faith and reasonably relying on the explicit order of fourteen classes, JKB stood ready, willing, and able to fulfill its obligation to provide the Army Contracting Command with a full Lot of classes.

54. Despite ordering a full Lot of fourteen classes at an obligated amount of $303,968.00, the Army Contracting Command only allowed JKB to provide thirteen (13) classes during the Second Ordering Period, and only paid JKB $282,256.00.

55. The Army Contracting Command underpaid JKB by $21,712.00 in the second Ordering Period. This amount represents one class which the Army Contracting Command ordered from JKB but which JKB was not allowed, and the Army Contracting Command prevented JKB, to provide.

56. On April 3, 2018, JKB wrote the Army Contracting Command a letter explaining, et al., that the Contract required the Army Contracting Command to provide JKB with fourteen classes per Ordering Period at a firm fixed-price. (*See* Exh. F)

57. Two months later, on June 11, 2018 (nearly three years after awarding contract W15QKN-15-D-0100 to JKB and over a year-and-a-half after issuing Task Order 0002 containing CLIN 2001) the Army Contracting Command unilaterally issued "Modification 01" to Task Order 0002. (*See* Exh. N, Mod 01)

58. With Modification 01, the Army Contracting Command sought to close out Task Order 0002 and de-obligate itself for payment for the one class which it did not allow JKB to provide in Ordering Period Two. (*See* Exh. N)

59. On June 25, 2018, JKB wrote a letter to Alicia Toth, the Contracting Officer representing the Army Contracting Command. In this letter JKB informed the Contracting Officer that JKB was not in agreement with Modification 01, and submitted an invoice in the

amount of $21,712.00 for Ordering Period Two for the remaining firm fixed-price balance representing the value of one ordered but unpaid class. (*See* Exh. H)

60. The Army Contracting Command failed to pay JKB the invoiced amount of $21,712.00 for Ordering Period Two.

61. On September 28, 2018, JKB sent the Contracting Officer a Claim letter including $21,712.00 for Ordering Period Two and requesting a Contracting Officer's Final Decision (COFD). (*See* Exh. I)

62. On November 2, 2018, the Contracting Officer requested substantiating documentation showing the costs that JKB had incurred. (*See* Exh. J)

63. In response, on November 6, 2018 JKB provided a chart listing the firm fixed-price balance by Task Order and CLIN. (*See* Exh. K)

64. Despite the fact that JKB had already identified the remaining firm fixed-price balance due by task Order and CLIN, on November 20, 2018 the Contracting Officer sent JKB a letter denying its claim. In that letter, the Contracting Officer asserted that in its Claim and request for COFD, JKB had erroneously referred to the "base IDIQ contract" rather than the individual Task Orders to which obligations were committed. (*See* Exh. L)

65. On January 6, 2016, JKB sent the Contracting Officer a second claim and request for COFD, again listing the unpaid amounts by Task Order and CLIN. (*See* Exh. M)

66. As per FAR 33.211(c)(2), the Contracting Officer is required to issue a final decision within sixty (60) days of receiving a claim and request for COFD.

67. The Army Contracting Command has failed to issue a final decision as requested in JKB's January 6, 2019 claim and request for COFD.

68. In accordance with the Contract Dispute Act of 1978, because the Contracting Officer has not timely responded within a reasonable time to this relatively simple and straightforward claim, JKB deems the January 6, 2019 claim denied.

69. In accordance with 28 U.S.C. §1491(a)(1), JKB now respectfully appeals the Army Contracting Command Contracting Officer's denial of its September 28, 2018 and its January 6, 2019 claims to this Honorable Court.

**WHEREFORE**, appellant JKB Solutions and Services, LLC, prays that this Court grant its appeal under Count II of the Complaint against the United States, acting through Army Contracting Command – New Jersey, and award JKB the amount of $21,712.00, plus interest, in expectation damages which will put JKB in the same position as it would have been if Army Contracting Command had not breached the contract; reasonable attorneys' fees; the costs of this suit; and such other and further legal or equitable relief as this honorable Court deems just and proper.

**COUNT III – BREACH OF TASK ORDER 0003**

70. The allegations of paragraphs 1 through 72 of this Complaint are repeated and incorporated herein by reference.

71. On or about September 9, 2017, the Army Contracting Command issued the Task Order for the Third Ordering Period. This was designated Task Order 0003. (*See* Exh. E)

72. Task Order 0003 obligated a total amount of $359,286.00 to JKB, of which $310,576.00 was obligated for Training Instructor Services under Contract Line Item Number (CLIN) 3001. (*See* Exh. E)

73. CLIN 3001 ordered a quantity of one (1) Lot of Training Instructor Services to provide fourteen classes. (*See* Exh. E)

74. CLIN 3001 states that the price per class is $22,184.00.(*See* Exh. E)

75. At a price per class of $22,184.00, a total of fourteen classes equates to a firm fixed price of $310,576.00 for the Third Ordering Period.

76. CLIN 3001 states that the amount funded in this CLIN is $310,576.00, and that the "unfunded amount" is zero. (*See* Exh. E)

77. Upon receiving CLIN 3001, acting in good faith and reasonably relying on the explicit order of fourteen classes, JKB stood ready, willing, and able to fulfill its obligation to provide the Army Contracting Command with a full Lot of classes.

78. Despite ordering a full Lot of fourteen classes at an obligated amount of $310,576.00, the Army Contracting Command only allowed JKB to provide eight (8) classes during the Third Ordering Period, and only paid JKB $177,472.00.

79. The Army Contracting Command underpaid JKB by $133,104.00 in the Third Ordering Period. This amount represents six classes which the Army Contracting Command ordered from JKB but which JKB was not allowed, and the Army Contracting Command prevented JKB, to provide.

80. On April 3, 2018, JKB wrote the Army Contracting Command a letter explaining, et al., that the Contract required the Army Contracting Command to provide JKB with fourteen classes per Ordering Period at a firm fixed-price. (*See* Exh. F)

81. Two months later, on June 28, 2018, the Army Contracting Command hosted a conference call between Army Contracting Command and JKB personnel. In that conference call the Army Contracting Command proposed de-scoping CLIN 3001 in order to reduce the number of ordered classes. JKB did not agree to the proposed de-scope of CLIN 3001.

82. On June 30, 2018, JKB sent the Army Contracting Command a letter explaining its position that fourteen classes had been ordered under CLIN 3001 and that JKB was entitled to payment for the same. However, in the spirit of cooperation and compromise, and with no obligation to do so, JKB proposed a two-month deductive modification which would have reduced the outstanding amount owed to JKB by $45,551.14. (*See* Exh. O, 6-30-18 Letter)

83. The Army Contracting Command did not accept JKB's proposed deductive modification.

84. On September 28, 2018, JKB sent the Contracting Officer a Claim letter including $133,104.00 for Ordering Period Three and requesting a Contracting Officer's Final Decision (COFD). (*See* Exh. I)

85. On November 2, 2018, the Contracting Officer requested substantiating documentation showing the costs that JKB had incurred. (*See* Exh. J)

86. In response, on November 6, 2018 JKB provided a chart listing the firm fixed-price balance by Task Order and CLIN. (*See* Exh. L)

87. Despite the fact that JKB had already identified the remaining firm fixed-price balance due by Task Order and CLIN, on November 20, 2018 the Contracting Officer sent JKB a letter denying its claim. In that letter, the Contracting Officer asserted that in its Claim and request for COFD, JKB had erroneously referred to the "base IDIQ contract" rather than the individual Task Orders to which obligations were committed. (*See* Exh. L)

88. On January 6, 2016, JKB sent the Contracting Officer a second claim and request for COFD, again listing the unpaid amounts by Task Order and CLIN. (*See* Exh. M)

89. As per FAR 33.211(c)(2), the Contracting Officer is required to issue a final decision within sixty (60) days of receiving a claim and request for COFD.

90. The Army Contracting Command has failed to issue a final decision as requested in JKB's January 6, 2019 claim and request for COFD.

91. In accordance with the Contract Dispute Act of 1978, because the Contracting Officer has not timely responded within a reasonable time to this relatively simple and straightforward claim, JKB deems the January 6, 2019 claim denied.

92. In accordance with 28 U.S.C. §1491(a)(1), JKB now respectfully appeals the Army Contracting Command Contracting Officer's denial of its September 28, 2018 and January 6, 2019 claims to this Honorable Court.

**WHEREFORE**, appellant JKB Solutions and Services, LLC, prays that this Court grant its appeal under Count III of the Complaint against the United States, acting through Army Contracting Command – New Jersey, and award JKB the amount of $133,104.00, and $261,016 in aggregate for Counts I through III, plus interest, in expectation damages which will put JKB in the same position as it would have been if Army Contracting Command had not breached the contract; reasonable attorneys' fees; the costs of this suit; and such other and further legal or equitable relief as this honorable Court deems just and proper.

Respectfully submitted this 5th day of September 2019.

JKB Solutions and Services, LLC

By: /s/ William A. Lascara
Of Counsel

William A. Lascara, Esq. (VSB #23118)
wlascara@pendercoward.com
Bryan S. Peeples, Esq. (VSB 93709)
bpeeples@pendercoward.com
PENDER & COWARD, P.C.
222 Central Park Avenue, Suite 400
Virginia Beach, Virginia 23462
Telephone: (757) 490-6265
Facsimile: (757) 502-7380
*Counsel for Appellant*

\\pender-appserv\users\dreid\WPFILES\JKB Solutions and Services\Complaint.Final.09.04.19.docx